Filing # 42355114 E-Filed 06/06/2016 12:23:20 PM

EXHIBIT "B"

IN THE CIRCUIT OF THE EIGHTEENTH JUDICIAL CIRCUIT OF FLORIDA IN AND FOR BREVARD COUNTY, FLORIDA

CASE NO.:

PAUL A. GREEN,

        Plaintiff,

vs.

SPECIALIZED LOAN SERVICING LLC.,
A FOREIGN LIMITED LIABILIY COMPANY,

        Defendant.
_____/

## COMPLAINT

COMES NOW The Plaintiff, Paul A. Green, by and through the undersigned counsel, sues the Defendants, Specialized Loan Servicing, LLC (hereafter SLS), and alleges:

### COMMON ALLEGATIONS

1. This is an action for damages in excess of $15,000.00.

2. At all times material hereto, Defendant, SLS was a foreign limited liability company with a principal place of business in Highlands Ranch, Colorado. SLS conducts business in State of Florida and maintained agents for the transaction of its customary business in Florida.

3. The Plaintiff is a resident of Brevard County, Florida.

4. SLS is a loan servicer that services the mortgage upon Paul A. Green's residential real property. SLS falls within the Securities and Exchange Commission's (SEC) definition of a loan servicer.

5. In the alternative, SLS owns the note and mortgage on Plaintiff's residence and is the owner of the debt and is not servicing the loan for a third party. The Plaintiff is without knowledge

1

as to whether SLS is the owner of the note and mortgage on Plaintiff's home or is merely a third party servicer. In a foreclosure action verified by SLS, it is alleged that SLS services the subject mortgage and that the mortgage is owned by SLS' client who is not a party to this action.

6. It its capacity as a loan servicer, SLS, acts as a third party debt collector for the owner of mortgage on the Plaintiff's residential real property. SLS, for purposes of the Fair Debt Collection Practices Act (hereafter FDCPA) is a debt collector.

7. On or about June 30, 2015, a foreclosure action was filed against the Plaintiff, styled Deutsche Bank v. Cimmy Green, Paul A. Green et. al, Case Number 05-2015-CA-32851. The foreclosure action was verified by SLS and upon information and belief SLS hired counsel and effectuated the filing of suit against the Plaintiff Paul A. Green.

8. The subject debt is a consumer debt because the debt was incurred on the Plaintiff's residence or in the alternative at the time the debt was incurred, it was incurred with respect to real property that was the Plaintiff's residence or intended residence at the time the loan was incurred.

9. The subject debt is consumer debt because the loan is a consumer residential loan and not a loan made to a business or for a commercial purpose.

10. Upon information and belief Paul A. Green last made a payment with respect to the subject loan in 2008 and made no payments on the subject loan in 2009, 2010, 2011, or at any time thereafter.

11. In the foreclosure complaint, SLS alleged that "Defendants owe Plaintiff $176,448.41 that is due and owing on principal, plus interest from and after June 1, 2010..."

12. Prior to filing suit SLS sent Paul A. Green a notice of default that was attached to the

foreclosure complaint. The notice of default, demanded payment of $112,419.79 to cure the arrears. The Complaint and Notice of Default is attached hereto as Exhibit 1.

13. The statute of limitations to bring an action for mortgage foreclosure in Florida is five years.

14. The notice of default stated "Please be advised that this letter is an attempt to collect a debt."

15. The foreclosure action filed against Paul A. Green was likewise debt collection and sought entry of a deficiency judgment decree.

## COUNT I – VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

16. The Fair Debt Collection Practices Act, hereafter FDPCA, prohibits unfair debt collection practices, which are defied by 15 U.S.C. 1692 as follows:

> 15 U.S. Code § 1692f - Unfair practices
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
> (2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.
> (3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.
> (4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.
> (5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

   (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
    (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
    (B) there is no present intention to take possession of the property; or
    (C) the property is exempt by law from such dispossession or disablement.
   (7) Communicating with a consumer regarding a debt by post card.
   (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

17. The foreclosure action and the notice of default violated 15 U.S.C. 1692(f) because they sought to collect sums that were not permitted by Florida Law, specifically SLS sought to collect sums that are barred by Florida Statute 95.11(2)(b) and 95.11(2)(c) which provide for a five year statute of limitations for breach of a written contract and for mortgage foreclosure.

18. When the foreclosure complaint sought a principal balance due of $176,448.41 this was the same amount of principal due when Paul A. Green ceased making mortgage payments.

19. The subject mortgage is a thirty (30) year mortgage wherein each mortgage payment due in a combination of principal, interest, and escrows for taxes and insurance.

20. SLS, in its notice of default and foreclosure action did not reduce the principal amount due to reflect and multiple mortgage payments were more than five years past due, and therefore collection of these mortgage payments was barred by the statute of limitations.

21. Each of the missed mortgage payments that were more than five years old and thus barred by the statute of limitations represented a payment of principal, interest, and escrows. When SLS did not reduce the principal balance to reflect the principal component of each time

barred months missed payment SLS, sought to collect time barred debt.

22. An action to collect time barred debt is as a matter of law a violation of the FDCPA.

23. Upon information and belief, the amount requested in the notice of default included fees for taxes, insurance, late fees, or attorney's fees incurred more than five years before the letter was sent and therefore was also an attempt to collect time barred debt.

24. Upon information and belief, the Notice of Default, sought to collect attorney's fees and costs incurred in a prior foreclosure action in which Paul A. Green was the prevailing party. SLS had no right to collect such attorney's fees and costs because pursuant to Florida Statute 57.105(7) any one way contractual attorney fee provision is converted into a prevailing party "two way" attorney fee provision. As such as a matter of law, a non-prevailing lender in a foreclosure action cannot recover the lender/plaintiff's attorney's fees from the prevailing consumer.

25. Mr. Green sustained damages to the extent that he was sued for sums he legally did not owe, because SLS failed to disclosure that the amount demanded included time barred installments of principal, or payments for escrows, taxes, attorney's fees, or inspection fees that were time barred or for which SLS had no legal right to collect.

26. SLS's notice of default and foreclosure action would easily confuse the least sophisticated consumer and were deceptive.

27. Mr. Green suffered stress, aggravation, anxiety, frustration, from SLS's violation of the FDCPA.

WHEREFORE, the Plaintiff, Paul A. Green, demands judgment for damages together with interest, costs and attorney's fees pursuant to the FDCPA legal assistants' fees pursuant to §57.104 Florida Statutes, and costs pursuant to §92.231, Florida Statutes and §57-041, Florida Statutes, and any and all further relief as this Court deems just and proper, and further demands a trial by jury on all issues.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to Defendant herein through service of process.

SHUSTER & SABEN, LLC

RICHARD SHUSTER, ESQUIRE
Fla. Bar No.: 045713
1413 South Patrick Drive, Suite 7
Satellite Beach, Florida 32937
Telephone:   321-622-5040
Fax Number:  877-335-4747
Primary: richshuster@gmail.com
Secondary: assistant2richardshuster@gmail.com
Attorney for Plaintiff